**RECEIVED**

**FEB -6 2017**

AT 8:30_____M
WILLIAM T. WALSH CLERK



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

402 East State Street, Room 430          609-989-2190
Trenton, New Jersey 08608

JBD/PL AGR
2015R00478

December 20, 2016

Darren M. Gelber, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095

Re: <u>Plea Agreement with James Paroline</u> Cr 16-390(FLW)

Dear Mr. Gelber:

  This letter sets forth the plea agreement between your client, James Paroline, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on January 17, 2017 if it is not accepted in writing by that date.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Paroline to Count One of the Indictment, Criminal No. 16-390 (FLW), which charges that Paroline received child pornography, in violation of 18 U.S.C. § 2252A(a)(2). If Paroline enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Paroline for his receipt and possession of child pornography as alleged in the Indictment. In addition, if Paroline fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count Two of the Indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Paroline agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Paroline may be commenced against him, notwithstanding the expiration of the limitations period after Paroline signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2) to which Paroline agrees to plead guilty carries a statutory mandatory minimum sentence of 5 years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Paroline is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Paroline ultimately will receive.

Further, in addition to imposing any other penalty on Paroline, the sentencing judge: (1) will order Paroline to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Paroline to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583(k), may require Paroline to serve a term of supervised release of any term of years not less than 5, or life, which will begin at the expiration of any term of imprisonment imposed. Should Paroline be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Paroline may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. Furthermore, if Paroline is required to register under the Sex Offender Registration and Notification Act and commits certain crimes for which imprisonment for a term longer than 1 year can be imposed, the court may revoke the term of supervised release and require Paroline to serve a term of imprisonment of not less than 5 years.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Paroline by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Paroline's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Paroline agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Paroline from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Paroline waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

- 3 -

Forfeiture

  Paroline agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, he will forfeit to the United States his interests, if any, in the property described below (the "Forfeitable Property").

  Paroline agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, he is subject to forfeiture as a visual depiction, or book, magazine, periodical, film, videotape, or other matter that contains a visual depiction, described in 18 U.S.C. § 2252A(a)(2) that was produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of 18 U.S.C. § 2252A(a)(2); and any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of any property, real or personal, used or intended to be used to commit a violation of 18 U.S.C. § 2252A(a)(2) and any property traceable to such property.

  Paroline agrees to consent to the entry of orders of forfeiture and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Paroline understands that the forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Paroline waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

  Paroline consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the following Forfeitable Property: (i) one Lenovo ThinkPad Laptop with hard drive bearing serial number R82YYEP10/10; (ii) one external Western Digital hard drive bearing serial number WCAU48144333; (iii) one iBuy Power Desktop with hard drive bearing serial number BIAE-54976690-78OF; (iii) six DVDs with miscellaneous labels; and (iv) one Apple iPhone bearing serial number 358752051607703 (and power cord), each of which was recovered on or about July 7, 2015. Paroline waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement. Paroline further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

## Immigration Consequences

Paroline understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Paroline understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Paroline wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Paroline understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Paroline waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

Paroline understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Paroline wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Paroline understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Paroline waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

Paroline has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Paroline resides; where he is an employee; and where he is a student. Paroline understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Paroline further understands that the requirement to keep the registration current includes

informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Paroline has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Paroline. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Paroline.

No provision of this agreement shall preclude Paroline from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Paroline received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between James Paroline and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: J. BRENDAN DAY
Assistant United States Attorney

APPROVED:

FABIANA PIERRE-LOUIS
Attorney in Charge
Trenton Branch Office

    I have received this letter from my attorney, Darren M. Gelber, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 1/13/2017
James Paroline


    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 1/13/2017
Darren M. Gelber, Esq.

- 8 -

## Plea Agreement With James Paroline

### Schedule A

1. This Office and James Paroline recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Paroline nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2.

3. This guideline carries a Base Offense Level of 22. *See* U.S.S.G. § 2G2.2(a)(2).

4. The material received involved a prepubescent minor or a minor who had not attained the age of 12 years. The offense level is therefore increased by 2 levels. *See* U.S.S.G. § 2G2.2(b)(2).

5. The offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. The offense level is therefore increased by 4 levels. *See* U.S.S.G. § 2G2.2(b)(4).

6. The offense involved 600 or more images. The offense level is therefore increased by 5 levels. *See* U.S.S.G. § 2G2.2(b)(7)(D).

7. As of the date of this letter, Paroline has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Paroline's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Paroline has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Paroline's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Paroline enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Paroline's acceptance of responsibility has continued through the date of sentencing and Paroline therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Paroline's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Paroline is 30 (the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum sentence.

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that Paroline reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), subject to any applicable statutory mandatory minimum sentence, and this Office reserves the right to oppose any such motion or request for a variance.

11. Paroline knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 30. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.